IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR DANIEL RON WILSON                                                              PETITIONER

v.                             Case No. 6:19-cv-06073 SOH-BAB

WENDY KELLY, Director,                                                              RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Lamar Daniel Ron Wilson ("Wilson"), filed a Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on June 27, 2019. ECF No. 1. At the time the Petition was filed, Plaintiff was no longer incarcerated in the Arkansas Department of Correction ("ADC") and was out on parole. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. Director Wendy Kelly ("Respondent"), filed a Response on August 5, 2019, arguing the Petition should be dismissed. ECF No. 10. On August 26, 2019, Wilson filed a Reply. ECF No. 12. In response to this Court's order (ECF No. 14) on January 24, 2020, Respondent filed a Supplement to her Response. (ECF No. 15). For the reasons set forth below, the Court recommends the Petition be **DENIED** and the case **DISMISSED**.

## I. BACKGROUND

Wilson was charged in the Circuit Court of Garland County, Arkansas, with the rape of a victim who was under the age of 14. ECF No. 10-3. On August 10, 2015, Wilson was tried by a jury. ECF No. 12-1. Before the State rested its case, it moved to amend the criminal information to conform to the proof. ECF No. 10, p. 2. After all evidence was presented and prior to the case

being submitted to the jury, the trial court allowed the State to include jury instructions to include the offenses of second-degree sexual assault and sexual indecency with a minor as lesser offenses to the rape charge. ECF No. 12-1. Wilson's trial attorney Dale Adams objected arguing these offenses were not lesser included offenses of rape. *Id*. The jury found Wilson not guilty of rape but convicted him of second-degree sexual assault and sexual indecency with a minor. ECF No. 10-3, p. 2. The trial court set aside the verdict for sexual indecency with a child and allowed the jury to proceed with sentencing on the verdict for sexual assault in the second degree. Wilson was then sentenced to twenty years imprisonment, the maximum sentence on the sexual-assault conviction. *Id.*

Because Wilson had been charged only with the crime of rape, Wilson's attorney filed a motion for a new trial, arguing second-degree sexual assault was not a lesser-included offense of rape and the Court should set aside the verdict on the sexual assault charge. ECF No. 12-1. In its response, the State admitted the sexual assault charge was not a lesser included offense of rape but asked the court to enter the jury's determination of guilt on the sexual-indecency charge. ECF No. 10-3, p. 3.

On September 15, 2015, at the hearing on Wilson's motion for a new trial Wilson's attorney announced an agreement had been reached for Wilson to plead no contest to sexual indecency with a minor, and a plea and waiver was introduced which was signed by Wilson, his attorney, and the prosecutor. ECF No. 10-2, pp. 5-7. The prior sentence was vacated and based on the plea agreement, the trial court sentenced Wilson to six years imprisonment. A sentencing order was filed on October 5, 2015. *Id.* at pp. 1-4.

On October 8, 2015, Wilson filed a *pro se* motion to vacate the judgment, arguing he had never been charged with the offense of sexual indecency with a child and that no amendments to his charge had been made. ECF No. 1-4, pp. 6-8. The trial court denied Wilson's motion, and Wilson filed a timely notice of appeal *pro se*. *Id.* at pp. 3-4. Wilson's attorney filed a no-merit brief and motion to withdraw as his counsel. ECF No. 10-5. Wilson did not file *pro se* points for reversal, and the Arkansas Court of Appeals granted his attorney's motion to withdraw and affirmed Wilson's conviction. ECF No. 1-4, pp. 2-8.

On December 7, 2015, Wilson timely filed a Rule 37 petition in the trial court after the Arkansas Court of Appeals' mandate arguing his trial counsel was ineffective as follows: (1) failing to object to "having the court hold Wilson for any other charge/offense due to the acquittal of the jury during Wilson's jury trial"; (2) failing to investigate jurisdiction; (3) "violation of the Constitutional Due-Process Clause"; (4) "Judge Hearnsberger's unfairness, Sixth Amend. Violation"; (5) failing to move to withdraw Wilson's plea; and (6) "lack of jurisdiction by State's violation of Due Process." ECF No. 1-5, pp. 13-22. The trial court denied Wilson's petition without a hearing and entered an order containing specific findings on each ground as alleged in the petition. ECF No. 1-5, pp. 6-12.

First, the trial court ruled Wilson had not been acquitted but was instead convicted of second-degree sexual assault and sexual indecency with a child. ECF No. 1-5, p. 10. Second, the court found Plaintiff's attorney, Dale Adams, had not been ineffective for failing to challenge the trial court's jurisdiction because the court had proper jurisdiction of the case and a jurisdictional challenge could have been made at trial or on direct appeal, and no objection had been made. *Id.* Third, the trial court ruled there had been no due-process violation because Wilson pleaded *nolo*

*contendere* to the amended charge of sexual indecency with a child and he had not raised a due-process argument on appeal. Fourth, the court ruled Wilson had not been "bullied, pushed, and hoodwinked" into entering his plea. *Id.* at p. 11. In addition, the court noted Wilson had stated in court he understood what he was doing and was satisfied with Mr. Adams' representation. *Id.* Fifth, the court found Mr. Adams was not ineffective for failing to move to withdraw the *nolo contendere* plea because Wilson acting *pro se*, had unsuccessfully moved to vacate the judgment and did not challenge that ruling on appeal. *Id.* at p. 12. Sixth, the court found Wilson did not challenge the trial court's jurisdiction or make a due-process argument on appeal. *Id.*

Plaintiff then filed a timely appeal with the Arkansas Court of Appeals. ECF No. 1-4, p. 1. On August 29, 2018, the Arkansas Court of Appeals affirmed the trial court's denial of post-conviction relief.[1] ECF No. 10-9. First, the Arkansas Court of Appeals found some of Wilson's arguments were not preserved for review. *Id.* at p. 5. These arguments included: "a plea bad in part is bad for the whole", "the rules of new trial do not permit new charges", and "charges cannot be orally amended". *Id.* The Court of Appeals then addressed each of Wilson's preserved arguments on the merits and affirmed the trial court's dismissal of those claims.

## II. THE INSTANT PETITION

On June 27, 2019, after Wilson had been released early on parole for his conviction for sexual indecency with a child, he filed the instant Petition alleging: (1) "double jeopardy", (2) "lack of jurisdiction", (3) "due process violation (14th Amendment/Ineffective Counsel)", and (4) "sixth amendment violation". ECF No. 1. He is seeking the following relief: "full reversal of

---

[1] On November 9, 2018, Wilson filed a belated petition for review by the Arkansas Supreme Court. The petition was denied on April 18, 2019. Wilson's petition for reconsideration was denied on May 30, 2019. ECF Nos. 10-11, 10-12, 10-13.

current conviction and sentence; absolute bar to relative prosecutions; and absolute destruction, or permanent seal, of all court, law enforcement, and applicable agencies, records relating to this matter…" *Id*. Respondent argues the Petition should be dismissed because: (1) "Wilson's plea of *nolo contendere* rendered any claims of antecedent trial-error irrelevant and severely limits the claims he can rely on in pursuit of federal *habeas* relief; (2) Wilson's claim for ineffective assistance of counsel is meritless; (3) Wilson's jurisdictional challenge "does not raise a federal issue"; and (4) Wilson's "freestanding double jeopardy, jurisdictional, and due-process claims are procedurally defaulted. ECF No. 10, p. 6. Respondent goes on to argue "to the extent the state court's opinions are construed to have adjudicated Wilson's freestanding claims on the merits, the adjudication of those claims are due deference under 28 U.S.C. § 2254(d)." *Id.*

### III. DISCUSSION

Based on the record, the Court finds it is not necessary to conduct an evidentiary hearing in order to rule on Wilson's Petition. "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984). The Court will first address the issue of whether Wilson's claims are procedurally defaulted.

#### A. Procedural Default

A federal *habeas* petitioner must show he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal *habeas* statute. 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, "state prisoners must give the state courts one full

5

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Wilson filed a timely petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. He then appealed the denial of this petition to the Arkansas Court of Appeals. In its opinion affirming the trial court's denial of Wilson's Rule 37 petition, the Court addressed the following arguments raised by Plaintiff, both in the context of his claims for ineffective assistance of counsel, and on the merits of these claims: double jeopardy, lack of jurisdiction, due process, ineffective assistance of counsel, and the validity of his plea of *nolo contendere* to the offense of sexual indecency with a child. ECF No. 10-9. Each of these claims are set forth in the instant Petition even though they appear to be asserted in connection or as a part of Wilson's claim of ineffective counsel. Accordingly, the Court finds Wilson properly exhausted his claims in accordance with the State's appellate review process and therefore none of Wilson's claims are procedurally defaulted.

### B. Analysis of Wilson's Claims on the Merits[2]

Congress has prohibited federal courts from granting *habeas corpus* relief unless a state court's adjudication of a constitutional claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d) (1). The question is not whether a federal court believes the state court's ruling was incorrect, but whether the decision by the state

---

[2] Respondent first argues "Wilson's plea of *nolo contendere* constituted a waiver of the antecedent trial error on which all the claims for relief alleged here rely." ECF No. 10, p. 7. Because the state courts addressed Plaintiff's claims on the merits, the Court chooses not to address the waiver issue and will instead proceed to review Wilson's claims on the merits  *See Nance v. Norris,* 392 F.3d 284, 291 (8th Cir. 2004) (holding that a *habeas* court may bypass a procedural issue and deny relief on the merits).

court was unreasonable – a substantially higher threshold. *See Williams v. Taylor,* 529 U.S. 362 (2000). The United States Supreme Court has made clear this standard is "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), requiring "a state prisoner show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at p. 103. A federal *habeas* court "will not lightly conclude that a state's criminal justice system has experienced the 'extreme malfunction[n]' for which federal *habeas* relief is the remedy." *Burt v. Titlow,* 571 U.S. 12, 20 (2013) (citing *Richter,* 562 U.S. at 104).

**1) Double Jeopardy**

In his Petition Wilson argues he was subjected to double jeopardy and describes the factual basis of his claim as follows:

> Petitioner appeared for trial 10 August, 2015 for the sole charge of rape. No amendments/ other charges were filed prior to. However, sexual indecency with a child, and second degree sexual assault were entered as lesser-included. Sexual indecency was acquitted in favor of sentencing for 2nd degree sexual assault. Under Motion for New trial, 8-25-2015, it was shown that 2nd sexual assault is not a lesser included to rape. Neither is sexual indecency with a child. September 15, 2015 Petitioner was recalled under same motion. Petitioner was then informed sexual assault was acquitted, then firmly instructed to accept renewed conviction of sexual indecency.

ECF No. 1, p. 5.

The Arkansas Court of Appeals held Wilson's *nolo contendere* plea to sexual indecency with a child was not a second conviction for the same offense because Wilson's plea occurred after he had filed a motion for a new trial and then entered his plea to avoid being tried for the greater offense of second-degree sexual assault. ECF No. 10-9, p. 6. The Court of Appeals stated, "By

virtue of his plea, he stands convicted of only a single count of sexual misconduct with a child, and he is serving a six-year sentence for only that offense." *Id.* at p. 7.

Wilson is not entitled to *habeas* relief because the state court's decision is not the result of an unreasonable determination of fact or an unreasonable application of federal law. It is uncontested Wilson pleaded guilty to sexual indecency with a child after he filed his motion for a new trial alleging trial error. It is well established the double-jeopardy provision of the Fifth Amendment "does not preclude the government from retrying a defendant whose conviction is set aside because of an error in proceedings leading to conviction." *United States v. Tateo,* 377 U.S. 463, 465 (1964). Thus, the state court's merit adjudication of Wilson's double-jeopardy was reasonable and supported by the record and the law. Accordingly, I recommend Plaintiff's claim for *habeas* relief based on double jeopardy be dismissed.

### 2) Lack of Jurisdiction

Wilson claims the trial court did not have jurisdiction to accept and enter his *nolo contendere* plea for sexual indecency with a child. He specifically states:

> Jury rendered verdict of not guilty to the charged allegation of rape, and guilty of sexual indecency with a child and 2nd sexual assault as lesser-included offenses. Neither are lesser-included. The court set aside the sexual indecency with a child for preferred sentencing on second degree sexual assault. The court again set aside this conviction and sentence, due to second degree sexual assault is not a lesser-included to rape, then firmly encouraged Petitioner to accept renewed conviction for sexual indecency with a child. No charges, indictments, or amendments were filed at any time for second degree sexual assault or sexual indecency with a child. Nor was Petitioner served accordingly with any warrant supporting such.

ECF No. 1, p. 7.

In rejecting Wilson's lack of jurisdiction argument, the Court of Appeals relied on *Birchett v. State,* 303 Ark. 220 (1990) in which the court denied a petitioner's request for *habeas* relief

under almost identical circumstances where the trial court permitted an erroneous instruction which resulted in his conviction of a different felony from the one charged. The court in *Birchett* held:

> While the court may have erred at trial by granting appellant's request to instruct the jury on hindering apprehension as a lesser included offense, this error would not take away the court's subject matter jurisdiction. Appellant could have appealed the trial court's ruling to determine whether the hindering apprehension instruction was erroneously given and reversible or whether he invited such error for which he could not complain. *See Harris v. State,* 295 Ark. 456, 748 S.W.2d 666 (1988). In other words, if the trial court erred in its decision or proceeded irregularly within its assigned jurisdiction, as was the case here, the appellant's remedy was by direct action in the erring court or by appeal.

*Id.* at 221-22. Based on the reasoning in *Birchett,* the Court of Appeals held the trial court had jurisdiction over Wilson after it erred by instructing the jury of offenses that were not lesser-included offenses of rape. The Court found because the trial court had jurisdiction to accept Wilson's plea and to sentence him, his counsel was not ineffective for failing to make a frivolous objection to the court's jurisdiction. ECF No. 10-9, p. 6.

Wilson's claim the trial court did not have jurisdiction does not warrant federal *habeas* relief because "whether an indictment or criminal complaint is sufficient to confer jurisdiction on a state court is a question of state law." *Weisberg,* 29 F.3d 1271, 1280 (8th Cir. 1994). "Thus, a federal *habeas* court must either defer to a state-court finding in the underlying case or apply state law to the underlying case in the first instance. *Id.* The Court finds the state court's determination regarding jurisdiction was reasonable and is due deference by this Court. Accordingly, I recommend Wilson's claim based on lack of jurisdiction be dismissed.

### 3) Due Process violation

Wilson describes his third ground for relief as "due process violation (14th Amendment/Ineffective Counsel". He states the factual support for this claim as follows: "At no time was any valid charging instrument filed for sexual indecency with a child (acquitted 8-10-2015), or second degree sexual assault (acquitted 9-15-2015), and properly served on Petitioner prior to trial, and/or preliminary hearing for new trial." ECF No. 1, p. 8.

In affirming the trial court's decision finding Plaintiff's due process claim had no merit, the Arkansas Court of Appeals referred to numerous Arkansas Supreme Court cases holding a defendant seeking postconviction relief may not attack the validity of a guilty plea by arguing that the information charging him with an offense was defective unless it did not sufficiently apprise him of the charges against him. In addition, the Court of Appeals found the law was well settled that the State is entitled to amend an information at any time prior to the case being submitted to the jury so long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. *Flanagan v. State,* 368 Ark. 143, 243 S.W.3d 866 (2006); *DeAsis v. State,* 360 Ark. 286, 200 S.W.3d 911 (2005).

The Court of Appeals also found the record established Wilson "pled guilty to sexual indecency with a child, an offense of which he was sufficiently apprised" and "to argue that at the time of his plea agreement the State had not amended the criminal information to include the charge is disingenuous." ECF No. 10-9, p. 8. The Court of Appeals went on to state "because Wilson had been found not guilty of rape, the new trial he sought would have been a trial for second-degree sexual assault. When the trial court was going to grant the new trial, Wilson agreed to plead no contest to the lesser offense of sexual indecency with a child." *Id*. Accordingly, the

Court of Appeals found "counsel's failure to make a meritless objection or motion regarding due process did not constitute ineffective assistance of counsel." *Id.*

The Arkansas Court of Appeals 'decision was not unreasonable and is supported by the record and the law. Accordingly, I recommend Wilson's due process claim be dismissed.

### 4) Sixth Amendment Violation

Wilson describes the factual support for his Sixth Amendment Violation as follows: "Judge Marcia Hearnsberger, then-Prosecutor Joseph Graham, and defense counsel Dale Adams denied Petitioner appropriate rights due to introductions of uncharged allegations, renewed conviction following acquittal for the same, and no tangible/extraneous evidences entered to support possible convictions." The Court interprets Wilson's claim as one for ineffective assistance of counsel and an attack on the validity of his *nolo contendere* plea for sexual indecency with a child.

A defendant who pleads guilty may challenge the voluntariness of the plea based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The test for determining the validity of a guilty plea is whether the plea is "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* at 56. Declarations made on the record at the time of a plea carry a heavy presumption of truth. *Blackledge v. Allison*, 431 U.S. 63 (1977). While the defendant's representations at the time of the plea are not "invariably insurmountable," such representations, together with any representations made by the trial judge at the time of making the plea, "constitute a formidable barrier" to a later collateral attack, and the defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* at 73-74. In addition, to show ineffective assistance of counsel in connection with a guilty plea, a

11

petitioner must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), by demonstrating unreasonably deficient performance on the part of counsel and resulting prejudice. *Hill*, 467 U.S. at 58.

The Arkansas Court of Appeals rejected Wilson's argument that his counsel's actions fell below the standard set forth in *Strickland*. Wilson argued his counsel "intentionally and knowingly supported the trial court by maliciously coercing him with false information into a criminal act of fraud against the State to maintain and acquire a fraudulent conviction." ECF No. 10-9, p. 9. Wilson claimed his counsel did this by refusing to object to the pleas "as without subject-matter jurisdiction." As a result, Wilson claimed this resulted in a due-process violation. The Court of Appeals reiterated its previous reasoning stating counsel is not required to make a meritless objection or motion and the argument the trial court was without subject-matter jurisdiction was negated by *Birchett, supra. Id.* at p. 10.

The Arkansas Court of Appeals affirmed the decision of the trial court and quoted the exchange between Wilson's attorney, the trial court, and Wilson during the hearing on the motion for new trial and found Wilson:

> stated he understood his constitutional rights, that he wanted to plead no contest to sexual indecency with a child, and that no one forced him to enter the plea. Wilson signed the plea agreement and stated that he believed the State could prove that he committed sexual indecency with a child and that he was satisfied with his counsel's 'very effective' representation of him. We hold that Wilson's counsel's performance did not fall below an objective standard of reasonableness. *Strickland, supra.*

ECF No. 10-9 at p. 13. The state court record establishes Wilson's decision to plead guilty was a voluntary and intelligent choice among the alternatives available to him. The decision was voluntary because Wilson affirmed to the trial court he had not been coerced in any way to make

12

the plea, and he acknowledged his understanding of the charges and the agreement he had reached with the State including his agreed upon sentence. The decision was also intelligent considering the fact Wilson faced the prospect of a second trial after he had been convicted by a jury once before and the charge he would be tried on carried a much longer sentence than the offense for which he pled guilty.

Accordingly, the Court agrees with the state courts' decisions finding Wilson's claim for ineffective assistance of counsel in connection with his plea to be without merit. Accordingly, I recommend Plaintiff's Sixth Amendment Claim regarding ineffective assistance of counsel and entry of his plea be denied on the merits.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Wilson's claims for *habeas* relief fail on the merits. Accordingly, it is recommended the Petition be denied and dismissed with prejudice. **I further recommend no Certificate of Appealability issue in this matter.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **11th day of February 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE