IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR DANIEL WILSON                                                            PETITIONER

v.                                    Case No. 6:19-cv-6073

WENDY KELLY, Director,
Arkansas Department of Correction                                            RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 16. Judge Bryant recommends that Petitioner Lamar Daniel Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied.  Petitioner has responded with objections.  ECF No. 17.  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

Petitioner was charged in the Circuit Court of Garland County, Arkansas, with rape of a victim under the age of fourteen.  On August 10, 2015, a trial was held regarding this charge. Before the State of Arkansas ("State") rested its case, it moved to amend the criminal information to conform to the proof.  At the conclusion of testimony, the court instructed the jury that second-degree sexual assault is a lesser-included offense of rape and that sexual indecency with a child is a lesser-included offense of both rape and second-degree sexual assault.  The jury found Petitioner not guilty of rape.  However, despite the court's instruction to consider sexual indecency only if it found that Petitioner had not committed second-degree sexual assault, the jury returned guilty verdicts for both the sexual assault and sexual indecency offenses.  After discussions with the attorneys and polling the jury, the trial court set aside the verdict for sexual indecency with a child.  Petitioner was sentenced to twenty (20) years imprisonment for the

second-degree sexual assault conviction.

Petitioner's attorney filed a motion for a new trial, arguing that second-degree sexual assault was not a lesser-included offense of rape and that the jury verdict should be set aside. The State responded by admitting that the sexual assault charge was not a lesser included offense of rape but asked the trial court to enter the jury's determination of guilt on the sexual indecency charge.

On September 15, 2015, a hearing was scheduled regarding Petitioner's motion for a new trial.  At the hearing, Petitioner's attorney informed the Court that Petitioner and the State had reached an agreement to allow Petitioner to plead *nolo contendere*, or no contest, to the offense of sexual indecency with a child.  The plea agreement was signed by Petitioner, his attorney, and the prosecutor.  Petitioner's prior twenty-year sentence was vacated.  Based on the plea agreement, Petitioner was sentenced to six (6) years imprisonment for sexual indecency with a child.

Petitioner filed a *pro se* motion to vacate the state court judgment, arguing that he had never been charged with the offense of sexual indecency with a child.  The trial court denied the motion, and Petitioner appealed to the Arkansas Court of Appeals.  Petitioner's attorney filed a no-merit brief, and Petitioner did not file *pro se* points for reversal.  The Arkansas Court of Appeals affirmed Petitioner's conviction.

Petitioner then filed a Rule 37 petition with the trial court arguing that his trial counsel was ineffective.  The trial court denied the Rule 37 petition.  Plaintiff appealed to the Arkansas Court of Appeals.  The Arkansas Court of Appeals affirmed the trial court's denial of post-conviction relief.  Petitioner then filed a belated petition for review by the Arkansas Supreme Court, which was denied.

On June 27, 2019, Petitioner filed the instant habeas petition with this Court.[1]  In the instant petition, Plaintiff makes claims regarding double jeopardy, lack of jurisdiction, due process, and the Sixth Amendment.  He seeks a "full reversal of current conviction and sentence; absolute bar to relative prosecutions; and absolute destruction, or permanent seal, of all court, law enforcement, and applicable agencies, records relating to this matter."  ECF No. 1, p. 15.  Judge Bryant issued a Report and Recommendation in which he recommended that the Court deny the instant petition and dismiss the case, and Petitioner has filed objections.  ECF Nos. 16, 17.

## II.  STANDARD OF REVIEW

A federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  "[I]t is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently than state court; the state court's application must have been objectively unreasonable."  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

## III.  DISCUSSION

In the Report and Recommendation (ECF No. 16), Judge Bryant found that the state court's decision on the following issues was not contrary to and did not involve an unreasonable application of clearly established federal law:  (1) Petitioner was not subjected to double

---

[1] When he filed the petition, Petitioner was no longer incarcerated in the Arkansas Division of Correction and was out on parole.  However, a parolee remains "in custody," and thus parole status does not deprive the Court of jurisdiction over habeas corpus petition.  *Jones v. Jerrsion*, 20 F.3d 849, 852 n.2 (8th Cir. 1994).

jeopardy; (2) the state trial court had jurisdiction to accept and enter Petitioner's no contest plea to sexual indecency with a child; (3) Petitioner cannot attack his guilty plea by arguing that there was no valid charging instrument; and (4) Petitioner's plea was voluntary and his counsel was not ineffective.  Petitioner makes the following objections:  (1) he was subjected to double jeopardy because he was originally acquitted of sexual indecency with a child; (2) there exists "no tangible/extraneous evidence" to support his conviction; and (3) there was no valid charging instrument regarding his guilty plea to sexual indecency with a child.  These objections are arguments that Petitioner made in his habeas petition, and his objections do not specifically address portions of the Report and Recommendation that he considers erroneous.  Nevertheless, the Court will address each objection in turn.

### A.  Double Jeopardy

Petitioner claims that he was convicted twice for the same offense because his conviction for sexual indecency with a child had been vacated[2] when he pleaded no contest to the same charge.  Thus, he contends that his plea was a violation of double jeopardy.  The Arkansas Court of Appeals found that Petitioner's no contest plea to sexual indecency with a child was not a second conviction for the same offense because his plea occurred after he had filed a motion for new trial.  The court noted that Petitioner entered his no contest plea to avoid being tried for the greater offense of second-degree sexual assault.  The court further noted that by virtue of the plea, Petitioner stands convicted of only a single count of sexual indecency with a child, for which he is serving a six-year sentence for only that offense.

The Court agrees with Judge Bryant that Petitioner is not entitled to habeas relief regarding this issue because the state court's decision is not the result of an unreasonable determination of fact or an unreasonable application of federal law.  "The constitutional

---

[2] Petitioner incorrectly claims that he was acquitted of sexual indecency with a child.

prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside because of trial error in the proceedings leading to conviction." *United States v. Rea*, 300 F. 3d 952, 956 (8th Cir. 2002) (citing *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988)).  Petitioner was originally found guilty of both second-degree sexual assault and sexual indecency with a child.  The trial court set aside the conviction for sexual indecency with a child.  Petitioner was not acquitted of this charge; instead, the conviction was set aside because of error in the proceedings leading to conviction.  After he filed his motion for new trial, Petitioner agreed to plead guilty to this same charge to avoid a possible conviction on the greater offense of second-degree sexual assault.  This is not a situation in which the prohibition on double jeopardy applies.  Accordingly, the Court finds that the habeas claim based on double jeopardy should be dismissed.

### B.  Lack of Tangible/Extraneous Evidence

 Petitioner claims that "no tangible/extraneous evidence" exists to support his conviction. Petitioner does not sufficiently explain this objection, and the Court is unsure of Plaintiff's argument regarding this issue.  He claims that the State failed to "produce the evidence against the petitioner."  ECF No. 17, p. 2.  The Court notes, however, that Petitioner pled no contest to sexual indecency with a child, and thus there was no requirement that tangible evidence be entered against him.

In his petition, Petitioner uses the phrase "no tangible/extraneous evidence to support any possible convictions" in relation to his Sixth Amendment claim of ineffective assistance of counsel.  ECF No. 1, p. 10.  Judge Bryant found that his claim for ineffective assistance of counsel in connection with his plea to be without merit.  After reviewing the record, the Court agrees with Judge Bryant.  However, it does not appear that Petitioner makes any specific

objection to this finding.  Accordingly, the Court finds that the habeas claim based on a lack of tangible or extraneous evidence should be denied.

### C.  Lack of a Valid Charging Instrument

Petitioner claims that, because there was no charging instrument on sexual indecency with a child, his negotiated plea is invalid.  The Arkansas Court of Appeals found that this argument was without merit.  In *Wilson v. State*, the Arkansas Supreme Court held that a defendant seeking postconviction relief may not attack the validity of a guilty plea by arguing that the information charging him with an offense was defective unless it did not sufficiently apprise him of the charges against him.  251 Ark. 900, 475 S.W.2d 543 (1972).

Petitioner pled no contest to sexual indecency with a child, and to argue that at the time of his plea agreement the State had not amended the criminal information to include the charge is disingenuous.  When he entered into the plea agreement, he was sufficiently apprised of the specific crime charged.  Because he had been found not guilty of rape, a new trial would have been a trial for second-degree sexual assault.  When it appeared that the trial court was going to grant a new trial, Petitioner agreed to plead no contest to the lesser offense of sexual indecency with a child.  The Court cannot find that Petitioner was not sufficiently apprised of this charge.  Accordingly, the Court agrees with Judge Bryant's conclusion that the Arkansas Court of Appeals' decision regarding this issue "was not unreasonable and is supported by the record and the law."  ECF No. 16, p. 11.  Accordingly, the Court finds that the habeas claim based on a lack of valid charging instrument be denied.

### III. CONCLUSION

For the reasons stated above, based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*.  ECF No. 16.  Further,

the Court finds that Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be and hereby is **DENIED**.   Accordingly, this case is **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability.  *See* Rule 11, Rules Governing § 2254 Cases.  A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, the Court finds no issue on which Petitioner has made a substantial showing of a denial of a constitutional right.  Accordingly, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 19th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge