IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR DANIEL WILSON                                                                                    PETITIONER

v.                                          Civil No. 6:19-cv-6073

WENDY KELLY, Director,
Arkansas Department of Correction                                                                      RESPONDENT

## ORDER

Before the Court is Petitioner Lamar Daniel Wilson's Motion for Reconsideration.  ECF No. 22.  The Court finds that no response is necessary and that the matter is ripe for consideration.

In August 2015, a state court jury convicted Wilson of both second-degree sexual assault and sexual indecency with a child.  The trial court set aside the verdict for sexual indecency with a child.  Wilson was sentenced to twenty (20) years in prison for the sexual assault conviction.  In this Court, Wilson filed a motion under 28 U.S.C. §2254, in which he made claims regarding double jeopardy, lack of jurisdiction, due process, and the Sixth Amendment.  ECF No. 1.  The Court, adopting the Report and Recommendation from a magistrate judge (ECF No. 16), denied Wilson's motion and declined to grant a certificate of appealability.  ECF Nos. 18, 19.  Wilson promptly filed the instant Motion for Reconsideration (ECF No. 22), asking the Court to reconsider its order denying his § 2254 motion.  Although the instant motion does not reference Federal Rule of Civil Procedure 60(b), the Court will treat the motion as one filed under Rule 60(b).

Upon receipt of a purported Rule 60(b) motion after dismissal of a habeas corpus petition, the Court must determine whether the motion is actually a second or successive attempt at habeas relief.  *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  A Rule 60(b) motion is a successive habeas motion if it contains a claim.  *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009).  A "claim" is defined as an "asserted federal basis for relief from a state court's judgement of

conviction or as an attack on the federal court's previous resolution of the claim on the merits." *Id.* (cleaned up). "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition." *Id.* "A Rule 60(b) motion is not treated as second or successive . . . if it does not raise a merits challenge to the resolution of a claim in a prior habeas proceeding, but instead attacks 'some defect in the integrity of the federal habeas proceedings.'" *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005)).

In the instant motion, Wilson makes the same arguments he made in both his § 2254 petition and his objections to the magistrate judge's Report and Recommendation. He attacks the Court's previous resolution of his claim on the merits and does not allege a defect in the previous habeas proceedings. Thus, the Court must treat Wilson's motion as a second or successive habeas petition.

Before filing a second or successive habeas petition in this Court, Wilson must seek permission from the Eighth Circuit Court of Appeals to do so. 28 U.S.C. § 2254(b)(3). Wilson has not done so, and thus the Court has discretion either to dismiss Wilson's second or successive habeas petition or transfer it to the Eighth Circuit Court of Appeals for consideration of precertification. *See Boyd*, 304 F.3d at 814. In this instance, the Court finds it appropriate to dismiss Wilson's second or successive petition.

Accordingly, Wilson's Motion for Reconsideration (ECF No. 22), which the Court has determined is a second or successive habeas petition, is **DISMISSED WITHOUT PREJUDICE**. Further, the Court finds that Wilson is not entitled to a certificate of appealability.

**IT IS SO ORDERED**, this 4th day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge