IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR DANIEL WILSON                                                                                         PETITIONER

v.                                          Case No. 6:19-cv-6073

WENDY KELLY, Director,
Arkansas Department of Correction                                                                     RESPONDENT

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 27. Judge Bryant recommends that Petitioner Lamar Daniel Wilson's Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 25) be granted.  Judge Bryant further recommends that no Certificate of Appealability be issued in this matter.  Petitioner has responded with objections.  ECF No. 28. The Court finds the matter ripe for consideration.

**I.  BACKGROUND**

In August 2015, Wilson was convicted in state court of both second-degree sexual assault and sexual indecency with a child.  The trial court set aside the verdict for sexual indecency with a child.  Wilson was sentenced to twenty (20) years in prison for the sexual assault conviction. In this Court, Wilson filed a petition under 28 U.S.C. § 2255, in which he made claims regarding double jeopardy, lack of jurisdiction, due process, and the Sixth Amendment.  ECF No. 1.  The Court, adopting Judge Bryant's Report and Recommendation (ECF No. 16), denied Wilson's petition and declined to issue a certificate of appealability.  ECF Nos. 18, 19.  Wilson then filed a Motion for Reconsideration (ECF No. 22), asking the Court to reconsider its order denying his 2254 petition.  The Court determined that Wilson's Motion for Reconsideration (ECF No. 22) was a second or successive habeas petition, and the Court dismissed it.  The Court also found

that Wilson was not entitled to a certificate of appealability. ECF No. 23. Wilson now seeks to appeal the dismissal of both petitions and asks to be allowed to proceed *in forma pauperis*.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III. DISCUSSION

In the Report and Recommendation (ECF No. 27), Judge Bryant recommends that Wilson's Motion to Proceed *In Forma Pauperis* (ECF No. 25) be granted. However, Judge Bryant also recommends that a Certificate of Appealability be denied. Wilson objects to Judge

Bryant's recommendation regarding the denial of a Certificate of Appealability, arguing that he has been denied "multiple constitutional rights." ECF No. 28, p. 1. Wilson then makes the same arguments he made in his original habeas petition, which the Court has already considered and rejected. ECF No. 18.

Pursuant to 28 U.S.C. § 2253(c)(1)(a), an appeal from an order denying a petition for writ of habeas corpus may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In this case, the Court agrees with Judge Bryant and finds no issue on which Wilson has made a substantial showing of a denial of a constitutional right. Accordingly, the Court finds that a certificate of appealability should not issue.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Wilson has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. ECF No. 27. Therefore, the Court overrules Wilson's objection and adopts the Report and Recommendation *in toto*. ECF No. 27. Wilson's Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 25) is **GRANTED**. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**, this 31st day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge